Juan Suárez Pérez, Plaintiff, Appellant and Appellee, v. Gustavo Hernández Pastrana, Defendant, Appellee and Appellant.

No. 7743. Argued November 7, 1939.—Decided March 8, 1940.

*Luis Muñoz Morales* and *José Suárez Zengotita* for appellant-appellee. Ignacio Hernández Pastrana and Clemente Ruiz Nazario for appellee-appellant.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The facts on which the complained is based, briefly stated, are as follows: on October 1, 1931, the widow and seven children of Mariano Hernández, in their capacity as sole heirs; conveyed to defendant Gustavo Hernández Pastrana in payment of his hereditary share four pieces of rural property valued at $42,000. It was stated in the deed that two of the estates conveyed to the defendant described under letters A and B and another 92-acre parcel described under letter E were subject to mortgages constituted thereon by their former owner and which had been reduced to $26,542.61. Estate letter E, according to the registry, is subject to an $11,500 mortgage in favor of Messrs. Leonat & Ansa.

The conveyance to the defendant was made on condition that the latter would assume the obligation to pay the mortgage upon estates A, B and E, and an additional sum of $4,400.59 for taxes due upon the four estates conveyed to him and upon estate E, without further liability on the part of the other heirs.

By another deed of December 14, 1931, the heirs of Hernández, except defendant herein, conveyed to Rafael Ricardo Hernández Pastrana in payment of his share the 92-acre E estate, stating therein that such estate was subject to a $11,500 mortgage, which has been paid but not canceled in

the registry of property. Having become the owner of estate E, Rafael Ricardo Hernández mortgaged the same to plaintiff Juan Suárez Pérez for $6,000. It was stated in the deed to the plaintiff that the estate was free of liens because the liens to which the same was subject had been canceled according to a deed dated October 1, 1931.

It is alleged by the plaintiff that although in the said deed of October 1, 1931, the defendant expressly bound himself to assume the $11,500 mortgage upon estate E, up to the present he has not fulfilled the obligation assumed by him and has failed to pay to the mortgagee the amount of the mortgage which is still recorded in the registry; that owing to the non-performance by the defendant, the claim of the plaintiff as mortgagee has been put off and prejudiced; that the mortgage is due and has been so ever since the defendant assumed the obligation to pay the same; and that when the plaintiff accepted as security the mortgage executed to him by Hernández, he did so because he had been assured that the estate was free from liens and that the former mortgage would be paid by the defendant.

Judgment is sought whereby the defendant be ordered to deposit immediately the amount of the mortgage to be paid to the plaintiff, and to pay the costs, expenses and attorney's fees.

When filing the original complaint the plaintiff moved for an attachment of property of the defendant to secure any judgment in his favor. On January 2, 1936, the District Court of San Juan decreed the attachment, "without bond as it appears from an authentic document that the obligation claimed is demandable."

In his answer, the defendant, after denying all the essential facts of the complaint and of admitting others specifically, pleads as special defense that actually "he assumed in favor of the other heirs of his deceased father" the obligation to pay the amount of the mortgage on estate E, but that under an agreement by public deed of May 17, 1935,

subscribed by the same heirs and contracting parties who subscribed the deed of October 1, 1931, the defendant was released from paying any lien or mortgage affecting said estate E.

On February 4, 1938, the defendant moved to dissolve the attachment on the grounds: (a) that the plaintiff had failed to produce any paper authentic or otherwise to show any obligation on the part of the defendant in favor of the plaintiff that might be demandable by the latter; (b) that the attachment was decreed and levied "without the essential prerequisite of a bond;" and (c) that no privity is alleged in the complaint as existing between the plaintiff and the defendant, and, therefore, the complaint fails to state any cause of action.

On March 5, 1938, the District Court of San Juan made an order setting aside the attachment and canceling its record in the registry of property. The plaintiff appealed. Upon the rendition of a judgment for the defendant, taxing the costs against the plaintiff, without attorney's fees, both sides appealed to this court.

The plaintiff-appellant contends that it was error for the lower court to hold that the complaint failed to state a cause of action against the defendant and to set aside the attachment. It is alleged by the defendant in support of his appeal that the lower court abused is discretion and erred in failing to tax attorney's fees against the plaintiff and in holding that there was no obstinacy on the part of the plaintiff in prosecuting this action.

There is no doubt that the obligation assumed by the defendant to pay and cancel the mortgage on estate E appears from an authentic document and is demandable. Nor can it be questioned that the obligation is enforcible on the part of heir Rafael Ricardo Hernández who subscribed the deed of October 1, 1931, and to whom was assigned, by deed of December 14, 1931, estate E, which was subject to the mortgage which defendant herein bound himeslf to pay

and cancel as part of the price or consideration for the conveyance to him of the other four estates. It might be questioned whether the obligation undertaken by the defendant could be enforced by the other coheirs to whom none of the estates subject to a mortgage had been adjudicated. These coheirs are no longer liable for the payment of the mortgages, not only because by virtue of the same deed of October 1, 1931, they were released from such obligation, but mainly because as the mortgages involved were constituted by José Laguna, the former owner of the estates and not by the ancestor of the heirs, the obligation to pay said mortgages —a real charge up to the value of the property mortgaged— passed on to the respective grantees of each estate. So that the defendant is liable only with estates A and B for the amount of the mortgages upon them; and the other heir, Rafael Ricardo Hernández, is liable up to the value of estate E for the payment of the mortgage upon it. None of the other heirs could have any interest in demanding the performance of the obligation, as nothing could be claimed from them by the respective mortgagees from the time of the conveyance to the respective grantees of the estates mortgaged.

It might be alleged—although we do not decide it, as that is not in issue in this action—that the mortgagee as regards estate E has the right to require from the defendant to pay said mortgage, on the ground that he is a third party for whose benefit the obligation was contracted; or the right to demand of the defendant the payment of any deficiency resulting after the sale of the estate, on the ground that the defendant assumed, as a personal obligation, the payment of the debt secured with said estate.

Is the plaintiff, as the holder of a second mortgage executed by the grantee of estate E, entitled to demand of the defendant the fulfilment of the obligation? The lower court denied the existence of such right and expressed itself as follows:

"We will take up the discussion by setting forth the legal effects of the obligation assumed by the defendant when he promised the other heirs of Mariano Hernández to cancel the $11,500 mortgage to which state E was and still is subject.

"There is no question that the defendant, by executing the afore-said deed No. 168, did not assume any new obligation that was not binding upon all the heirs, the effect of the obligation assumed by him being his subrogation to their place and the assumption by himself of the obligation to the holders of the mortgage, Messrs. Leonat & Ansa. At the death of Mariano Hernández his heirs were subrogated to all his rights and obligations, there being included, of course, among the latter the $11,500 mortgage upon estate E.

"Let us now suppose, for argument's sake, that deed No. 168 of October 1, 1931, was never executed and, therefore, that the obliga-tion to cancel the $11,500 mortgage still affected all the heirs in general and not Gustavo Hernández in particular exclusively. Let us assume also that estate E was adjudicated, as it actually was, to Rafael Ricardo Hernández, and that the latter executed the $6,000 mortgage of which the plaintiff alleges to be the holder. Could the plaintiff, under such circumstances, require the heirs of Mariano Her-nández to pay the mortgage to Leonat & Ansa, or in default thereof to deposit $11,500 as the amount of said mortgage so that the $6,000 mortgage should become a first mortgage? Certainly not. The heirs of Mariano Hernández, save Rafael Ricardo, had not entered into any contract with the plaintiff, had not undertaken any obligation in his favor, were only bound to their coheirs and to Leonat & Ansa and only the latter and their successors and assigns could require of them the payment of the mortgage credit. . . . It is clear then that if under such circumstances the plaintiff has no cause of action against the heirs of Mariano Hernández he has no cause of action either against the defendant who has only subrogated himself to the place and position in which the heirs were when they affixed their signature to deed No. 168, *supra*.

"The fact that Rafael Ricardo Hernández misled the plaintiff by making him believe that the $11,500 mortgage had been canceled, might prejudice Rafael Ricardo Hernández who made such state-ment, but not the defendant at all, who was not a party to said deed in favor of the plaintiff, nor is he bound by statements made by other people not his agents or mandataries.

"The second proposition of the defendant is a corollary of the first. If Gustavo Hernández is not bound to the plaintiff, it is

evident that the deeds produced by the latter for the purpose of avoiding the furnishing of bond are instruments which, though authentic, do not show any obligation on the part of the defendant in favor of the plaintiff; therefore, assuming that the complaint stated a cause of action, which as we have seen it does not, the attachment at all events would be void because the same had been decreed without bond.''

We agree with the lower court that no privity exists that could determine a cause of action in favor of the plaintiff and against the defendant, for the specific performance of the obligation contracted by the latter. The extremely clever argument of counsel for plaintiff and appellant has failed to convince us that the conclusions of the lower court are erroneous.

■ When estate E was adjudicated to Rafael Ricardo Hernández, the same was subject to a lien recorded in the registry of property, the mortgage whose present holders are Messrs. Leonat & Ansa. The plaintiff accepted a second mortgage with the knowledge that the first mortgage had not been canceled in the registry. If, as alleged by the plaintiff, he accepted the second mortgage relying on the statement made to him by Ricardo Hernández to the effect that the first mortgage had been paid off, though standing in the registry, such statement does not confer upon the plaintiff any right of action against the defendant who was not a party to the deed constituting the second mortgage nor to the deed whereby the estate in question was adjudicated to his brother. Defendant herein did not bind himself to execute to the plaintiff a first morgage on estate E. Such obligation was contracted by the owner of said estate and it is to him that the defendant should apply for the fulfilment thereof. ■ Actions *ex contractu*—like the one sought to be prosecuted in the instant case—can only be prosecuted by either party to the contract against the other. Not so actions *ex delictu,* which can be prosecuted by any person who has been prejudiced by the tortious act.

Section 1209 of the Civil Code and the commentary made by Manresa on its equivalent, section 1257 of the Spanish Civil Code (Vol. 8, p. 22), does not aid the plaintiff at all. It is true that where a contract contains a stipulation in favor of a third person, the latter may demand its performance. The third party in the instant case is not the plaintiff but Rafael Ricardo Hernández.

■ We are not convinced by the lengthy argument of the defendant and appellant that the lower court abused its discretion in failing to adjudge the plaintiff to pay attorney's fees, nor that obstinacy has been shown in the prosecution of this litigation. The plaintiff lent his money in the belief that the same would be secured by a first mortgage. When ascertaining that the one appearing of record as a first mortgage had not been canceled, as his mortgagor had led him to believe, he thought in good faith that he was entitled to demand payment and cancellation of the lien by the party who had promised his mortgagor that he would do so. The lower court at first thought so when it decreed the attachment without bond of property belonging to the defendant, thus encouraging the plaintiff to proceed with the action.

The three appeals must be dismissed and the order and the judgment appealed from affirmed in all respects.

Mr. Justice De Jesús took no part in the decision of this case.